UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DON RATHBURN and TERESA RATHBURN, Husband and Wife, | Case No. 3:18-cv-00133-LRH-WCG |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| KNIGHT TRANSPORTATION, INC.; KNIGHT REFRIGERATED, LLC; KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.; CAROL WALKER; JOHN DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive, | |
| Defendants. | |

Before the court are several motions in limine filed by Don Rathburn and Teresa Rathburn, Husband and Wife (collectively "plaintiffs") and Knight Transportation, Inc.; Knight Refrigerated, LLC; Knight-Swift Transportation Holdings, Inc.; and Carol Walker (collectively "defendants"). ECF Nos. 72, 73, 74, & 78. The parties responded accordingly (ECF Nos. 80, 81, 82, 84), and have stipulated that, where applicable, the court's motions in limine rulings from the sister case, *Knaack v. Knight Transportation*,[1] shall have full force and effect (ECF No. 70). The court now grants in part and denies in part the parties' motions.

///

///

///

---

[1] *See Knaack v. Knight Transportation et. al.*, 3:17-cv-00172-LRH-WGC, at ECF No. 208.

1

## I. BACKGROUND

This is a personal injury action resulting from a motorcycle-tractor trailer collision which occurred on or about September 28, 2016. ECF No. 1. The defendants have admitted to being 100% negligent in the action. ECF No. 42. Therefore, the remaining issue for trial is the extent and nature of plaintiffs' claimed economic and non-economic damages. *Id.* This action is scheduled for a jury trial to begin August 13, 2019, at 8:30 A.M., with calendar call set for August 6, 2019, at 1:30 P.M. ECF No. 93. Both parties have filed motions in limine,[2] on which the court now rules.

## II. LEGAL STANDARD

A motion *in limine* is "used to preclude prejudicial or objectionable evidence before it is presented to the jury." Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2019). The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless the "evidence is clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984).

Generally, all relevant evidence is admissible. FED. R. EVID. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. The determination of whether evidence is relevant to an action or issue is

---

[2] Plaintiffs' motion (ECF No. 71) failed to certify that plaintiffs' counsel had properly followed Local Rule 16-2, met and conferred with opposing counsel, and that the motions before the court were only those upon which the parties could not agree without the court's intervention. The court filed a minute order (ECF No. 76, Amended ECF No. 77) directing plaintiffs to promptly comply with the rule and if necessary, refile the motion based on that conference. Plaintiffs complied and filed an amended motion on July 17, 2019 (ECF No. 78). While the court will rule on this motion, it notes that many of the plaintiffs' motions are not opposed by defendants.

2

expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of" unfair prejudice. FED. R. EVID. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

### III. DISCUSSION

#### A. Plaintiffs' Motions in Limine

i. <u>Motion to preclude defense counsel from mentioning plaintiffs' counsel's advertising (part 1) or asking prospective jurors about their attitudes toward contingency fee arrangements (part 2) during voir dire.</u>

The court conducts voir dire and attorneys are only permitted to ask questions of jurors on a case by case basis should the need arise. Therefore, the court denies parts 1 and 2 of plaintiffs' motion without prejudice and reserves the issue for trial.

ii. <u>Motion to preclude defendants from mentioning or referring to their ability or inability to pay a judgment (part 3).</u>

"It has been widely held by the courts that have considered the problem that the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *Meagher v. Garvin*, 391 P.2d 507, 511-512 (Nev. 1964) (The Court held that it was error for the trial court to receive evidence of "plaintiffs' poverty and financial distress." The Court determined that had this evidence been presented to a jury, it would "probably be considered prejudicial error."). However, evidence of a defendant's financial status and ability to pay is permitted for determining punitive damages. *Day v. Forman Auto. Grp.*, Case No. 2:12-CV-577 JCM (CWH), 2015 WL 1250447 at *5 (D. Nev. March 18, 2015).

Upon review of plaintiffs' complaint, it does not appear plaintiffs have pled or intend to argue for punitive damages. Defendants further do not object to this motion, but request that any preclusion be applied equally to both parties. The court agrees and finds that, based on the

precedent, both plaintiffs and defendants are precluded from mentioning or referring to the defendants' ability or inability to pay a judgment. Accordingly, part 3 of plaintiffs' motion is granted.

    iii. <u>Motions to preclude defendant from commenting on plaintiffs' failure to call cumulative witnesses at trial (part 4), exclude undisclosed evidence (part 6), and preclude defense counsel from making improper arguments constituting jury nullification (part 7).</u>

Defendants do not object to parts 4 or 7, so long as plaintiffs are equally bound by the court's ruling, and do not anticipate receiving any undiscovered evidence. The court assumes that the parties plan to and shall follow all applicable rules of evidence, ethics, civil procedure and the local rules of this jurisdiction. Therefore, the court shall reserve for trial any ruling on possible impermissible tactics or actions by either counsel; accordingly, the court denies without prejudice parts 4, 6, and 7 of plaintiffs' motion.

    iv. <u>Motion to exclude defendants from commenting on the tax-exempt status of personal injury awards and other associated taxation issues (part 5).</u>

Plaintiffs argue that the court should exclude defendants and their expert, Mr. Weiner, from introducing evidence regarding Mr. Rathburn's taxes and his gross verses net income because it would lead to improper speculation by the jury regarding his tax consequences. The court addressed this exact issue in its motion in limine ruling in *Knaack*, finding that such evidence of taxes was admissible and relevant in factoring the monetary loss suffered by plaintiffs. *See supra* note 1, at 4-6. As defendants articulated in their response, because the parties have stipulated to this prior ruling in *Knaack* (ECF No. 75), this motion was improper. Further, nothing in the plaintiffs' briefing suggests that the court's prior ruling was in error or that a contrary ruling is now appropriate. Accordingly, part 5 of plaintiffs' motion in limine is denied.

    v. <u>Motion to exclude evidence of offers to compromise or settle (part 8).</u>

Under the federal rules, evidence of offers to compromise or settle are prohibited to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." F<small>ED</small>. R. E<small>VID</small>. 408(a). However, evidence may be

admissible to prove "bias, or prejudice of a witness, [negating] a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." FED. R. EVID. 408(b).[3]

It is not clear from the parties briefing for what purpose either the defendants or plaintiffs would attempt to admit such evidence. Therefore, any ruling on this issue is premature and inappropriate for a motion in limine. Accordingly, the court denies without prejudice part 8 of plaintiffs' motion and reserves any such ruling for trial.

    vi.    <u>Motion to preclude the defendants from commenting on how plaintiffs might spend any judgment (part 9).</u>

Attorneys should not comment on irrelevant financial issues in order to appeal to the prejudice, passion, or sympathy of the jury. *See San Diego Comic Convention v. Dan Farr Prods.*, Case No. 14-cv-1865-AJB-JMA, 2019 WL 1599188, at * (S.D. Cal. April 15, 2019) (citing *Hoffman v. Brandt*, 65 Cal.2d 549, 552-53 (1966)) (In awarding attorneys' fees and costs, the court considered the objectively unreasonable litigation conduct, including the clear misconduct by counsel in "[r]eferencing a party's wealth to play off the bias of the jury."). Defendants agree that under Nevada law, a party is prohibited from commenting on the wealth or lack thereof, and likewise did not object to part 3 of plaintiffs' motion, discussed above, precluding commentary on the defendants' ability or inability to pay a judgment. However, defendants argue that this does not apply to commentary regarding a plaintiffs' potential use of a damages award.

The court finds that whether such evidence regarding how a plaintiff may use a judgment or similar financial issues, is being elicited to appeal to the prejudice, passion, or sympathy of the jury is best left to determination at trial. Therefore, any ruling on plaintiffs' motion is premature and improper on a motion in limine. Accordingly, the court denies without prejudice part 9 of plaintiffs' motion and reserves the issue for trial.

///

///

---

[3] Although the Nevada rules of evidence are similar (*see* NRS § 48.105), the court follows the Federal Rules of Evidence when determining evidentiary issues.

vii. <u>Motion to preclude defendants' expert witness from testifying to opinions and conclusions not articulated in their expert report or during deposition (part 10).</u>

Plaintiffs request that the court preclude the defendants from discussing and/or eliciting testimony from rebuttal expert, David Weiner, regarding topics not contained within his Expert Rebuttal Report. Defendants argue that Mr. Weiner should not be prohibited from testifying to information contained in his November 19, 2018, expert report.

On January 22, 2019, the court held a motion hearing in which plaintiffs moved to strike Mr. Wiener's expert rebuttal report, or in the alternative, for leave to file a sur-rebuttal designation. *See* ECF No. 64. Even though the court found that the report should have been timely disclosed with the initial expert reports, and the report, with respect to loss of income, was not a proper "rebuttal" expert report, the court denied plaintiffs' request to strike the report. *Id.* Rather, the court found the alternative sanction of allowing the plaintiffs to make a sur-rebuttal designation was appropriate. *Id.*

From the court's prior ruling, Mr. Weiner may testify to anything contained in his expert "rebuttal" report. The court assumes that the parties will follow the court's prior ruling on this matter, and the applicable rules of civil procedure regarding expert testimony. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is <u>not allowed</u> to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." (emphasis added)). The court further assumes that neither party intends to illicit any testimony from Mr. Weiner that would be in violation of the rules of this court. Therefore, it denies without prejudice part 10 of plaintiffs' motion, and reserves for trial ruling on possible impermissible testimony by Mr. Weiner.

**B. Defendants' Motions in Limine**

i. <u>Motions to exclude the police report regarding the at-issue accident and to exclude any testimony regarding the accident.</u>

Defendants motion the court to exclude the police report and any testimony regarding the at-issue accident as irrelevant to the case because defendants have accepted 100% liability. Defendants further argue that any probative value the 70-page report, which includes photos

from the accident, or testimony regarding the accident may have is outweighed by unfair prejudice and potential to confuse the jury.

Plaintiffs argue that there is no case law on point that finds a police report is automatically inadmissible nor testimony regarding an accident is irrelevant simply because defendants accept liability. Plaintiffs further argue that the police report, accident photos, and testimony regarding the accident should not be excluded as unfairly prejudicial.

Whether or not to exclude this type of evidence as irrelevant is best left to determination at trial. The court is cognizant of the fact that the police report and testimony regarding the accident may be relevant if Mr. Rathburn intends to argue for pain and suffering damages. Further, the court will not make a blanket exclusion as to any evidence regarding the accident as unfairly prejudicial without anything more specific upon which to rest its ruling. Therefore, the court denies defendants' motions (ECF Nos. 72 & 73) without prejudice and reserves the issues for trial.

ii. <u>Motion to preclude plaintiffs from seeking damages for any alleged permanent work impairment.</u>

Defendants argue that plaintiffs are attempting to impermissibly double recover for Mr. Rathburn's permanent injuries by alleging damages for his permanent work impairment when he has already received a lump sum workers' compensation payment. Defendants further argue that if plaintiffs are permitted to allege the damages, any award for permanent work impairment must be offset by the workers' compensation payment.

Plaintiffs argue that the issue is governed by NRS § 616C.215(10), which provides that damages awards should not be reduced by the workers' compensation award. Rather, they argue that if the plaintiffs are awarded damages, the Administrator would have a lien against the tort proceeds for the lump sum amount paid.

Under Nevada law, there is "a per se rule barring the admission of a collateral source of payment for an injury into evidence for any purpose." *Proctor v. Castelletti*, 911 P.2d 853, 854 (Nev. 1996). However, NRS § 616C.215(10) provides an exception: "[i]n any trial of an action by the injured employee . . . against a person other than the employer or a person in the same

7

employ, the jury must receive proof of the amount of all payments made or to be made by the insurer or the Administrator." *See Cramer v Peavy*, 580 3 P.3d 665, 669 (Nev. 2000) ("NRS 616C.215(10) cannot be used by the defense to imply that the plaintiff has already been compensated, will receive a double recovery if awarded a judgment or has overcharged SIIS."). The statute further provides that the court shall instruct the jury to follow the court's instructions on damages, and that it should <u>not</u> reduce any award to the plaintiff based on the amount of workers' compensation paid because Nevada law provides "a means by which any compensation benefits will be repaid from" the jury's award. NRS § 616C.215(10) (emphasis added). "[T]his statute benefits both the plaintiff and the defendant by preventing jury speculation as to workers' compensation benefits received." *Tri-County Equip. & Leasing, LLC v. Klinke*, 286 P.3d 593, 596 (Nev. 2012).

Mr. Rathburn submitted a workers' compensation claim for the accident. After undergoing a permanent partial disability evaluation in December 2017, he was assessed as having a 27% whole person impairment. ECF No. 74-2 at 9. He accepted a $73,529.11 lump sum payment for permanent partial disability compensation. ECF No. 74-3. The court finds that the jury must be permitted to hear this evidence, and then the court will properly instruct the jury on how to consider the evidence pursuant to NRS § 616C.215(10). *See Tri-County*, 286 P.3d at 596. Therefore, the court denies defendants' motion. ECF No. 74.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED that the parties' stipulation adopting the *Knaack* motions in limine rulings (ECF No. 70) is **GRANTED**.

IT IS FURTHER ORDERED that plaintiffs' motion in limine (ECF No. 78) is **GRANTED in part** and **DENIED in part.** The court grants part 3, and denies parts 1, 2, 4, 5, 6, 7, 8, 9 and 10 of plaintiffs' motion. As ECF No. 78 supersedes in its entirety plaintiffs' prior motion in limine, ECF No. 71 is **DENIED as moot**.

IT IS FURTHER ORDERED that defendants' motion in limine to exclude the police report (ECF No. 72) is **DENIED without prejudice**.

///

IT IS FURTHER ORDERED that defendants' motion in limine to exclude testimony regarding the accident scene (ECF No. 73) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that defendants' motion in limine to preclude plaintiffs from seeking damages for any alleged permanent work impairment (ECF No. 74) is **DENIED**.

The parties are reminded to follow the court's **ORDER REGARDING TRIAL** (ECF No. 83) setting forth further deadlines.

IT IS SO ORDERED.

DATED this 7th day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE