**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA, NORTHERN DIVISION**

| | |
|---|---|
| DON RATHBURN and TERESA RATHBURN, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC.; KNIGHT REFRIGERATED, LLC; KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC.; CAROL WALKER; JOHN DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WITE COMPANIES I through X, inclusive,<br><br>Defendants. | Case No. 3:18-cv-00133-LRH-WGC<br><br>**STIPULATION AND ORDER REGARDING USE OF SMALL MINE DEVELOPMENT, LLC'S DOCUMENTS AT TRIAL**<br><br>The Hon. Larry R. Hicks |

IT IS HEREBY STIPULATED, AGREED AND UNDERSTOOD BY Plaintiffs DON RATHBURN and TERESA RATHBURN ("Plaintiffs") and Defendants KNIGHT TRANSPORTATION, INC., KNIGHT REFRIGERATED, LLC, KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC., and CAROL WALKER ("Defendants"), as follows:

-1-

1. On September 14, 2018, the Court entered a Stipulated Confidentiality Agreement and Protective Order (ECF No. 45) (the "Protective Order"), which was signed by counsel for Plaintiffs and Defendants. The Protective Order recognized that in Case No. 3:18-cv-00133-LRH-WGC (the "Action"), discovery "may involve documents, photographs, video, or other information of a proprietary and non-public nature . . . that the parties consider confidential or highly confidential." Therefore, pursuant to FRCP 26(c), the parties and the Court acknowledged that good cause existed for the issuance of a protective order governing the handling of certain documents, photographs, video, or other information in the Action.

2. The Protective Order provided that Plaintiffs, Defendants, or other producing parties could designate documents produced in the Action as "Confidential Information" or "Highly Confidential Information" so that designated documents would not become public and would be subject to the Protective Order.

3. The Protective Order defined these two types of documents as follows:

   a. "CONFIDENTIAL INFORMATION" shall mean documents, photographs, video, or other information designated as "CONFIDENTIAL" by a Producing Party, who in good faith believes the documents, photographs, video, or other information constitutes or include proprietary or non-public information that (i) is used by the party in, or pertaining to, its business; (ii) is not generally known by the general public; and (iii) the party normally would not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

   b. "HIGHLY CONFIDENTIAL INFORMATION" shall mean documents, photographs, video, or other information designated thereon as "HIGHLY CONFIDENTIAL" by a Producing Party, who in good faith believes the documents, photographs, video, or other information are particularly or especially sensitive and confidential that the Producing Party has and other discovery materials which the Producing Party considers so sensitive or confidential that added protections are warranted.

///

4. During the Action, counsel for Defendants subpoenaed documents from Small Mine Development, LLC ("SMD") pursuant to FRCP 45.

5. In conformity with and in reliance on the Protective Order, SMD produced the following documents to Defendants: SMD_RATHBURN0001 – SMD_RATHBURN0849 ("SMD's Production"). SMD's Production was comprised of confidential and internal financial documents relating to SMD's past and current revenues and operations as well as anticipated future revenues and operations. SMD's Production also included confidential and internal financial valuations of SMD over the course of several years. SMD's Production relates to the claims and defenses of Plaintiffs and Defendants in this Action.

6. Accordingly, pursuant to the Protective Order, SMD marked SMD's Production as "Highly Confidential Information" so that the documents would not be publicly available and would only be available to those involved in this Action because the public disclosure of SMD's production will cause harm to SMD – a third party to this Action – if publicly disclosed.

7. During discovery in the Action, neither Plaintiffs or Defendants ever argued that SMD's designation of the SMD Production as "Highly Confidential Information" was not warranted. Also, SMD's officers and owners were deposed by Defendants and Plaintiffs, and during their respective depositions, various portions of their testimony were also marked as "Highly Confidential Information" in accordance with the Protective Order.

8. The trial in this Action is currently scheduled to begin on August 13, 2019.

9. The Protective Order states that it "shall apply to pretrial proceedings and discovery only. The Court will establish separately any necessary procedures for handling CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION during the trial of this matter." Protective Order at ¶26 (ECF No. 45).

10. Because it is anticipated that the trial of this Action will include trial exhibits that include documents from SMD's Production, counsel for SMD met and conferred with counsel for Plaintiffs and Defendants to discuss how SMD's confidential and internal financial documents could be protected from public disclosure at the trial of this Action. Those meet and confer efforts led to this Stipulation.

11. Accordingly, this Stipulation is being submitted to the Court pursuant to the Protective Order, LR IA 10-5, and applicable case law, including *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2005), and *Kamakana, City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006).

12. In accordance with the Protective Order, LR IA 10-5, and the above-stated case law, counsel for SMD reviewed SMD's Production of 849 pages of material to determine those documents and pages that are "Highly Confidential Information" and should not be publicly disclosed at the trial of this Action.

13. As further detailed in the Declaration of Keith Jones, attached as **Exhibit 1** hereto, the public disclosure of SMD's confidential and internal financial documents relating to SMD's past and current revenues and operations as well as anticipated future revenues and operations will cause harm to SMD – a third party to this Action – if publicly disclosed because of the highly competitive nature of the mining industry and because of the bidding process that SMD is involved in to get new projects. *See, e.g., Clark v. Metropolitan Life Insurance Company*, 2010 WL 1006823 (Judge Hicks, March 16, 2010) ("a party must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'") (citing *Kamakana*, 447 F.3d at 1179)).

14. As further detailed in the Declaration of Matthew B. Hippler, attached as **Exhibit 2** hereto and after having reviewed SMD's Production of 849 pages of material, counsel for SMD identified those documents that should remain designated as "Highly Confidential Information" pursuant to the Protective Order and should not be publicly disclosed at the trial of this Action for the compelling reasons stated in this Stipulation and the attached declarations. Those documents from the SMD Production that should not be publicly disclosed are listed in **Exhibit 3** attached hereto, which are hereafter referred to as the "Sealed Documents".

15. Counsel for Plaintiffs and Defendants have reviewed and agree with Mr. Hippler's designations of the Sealed Documents in Exhibit 3.

16. Accordingly, consistent with the Protective Order, LR IA 10-5, the above-stated case law, and Mr. Hippler's and Mr. Jones' Declarations, Plaintiffs and Defendants stipulate that:

a. The Sealed Documents contain: (i) confidential and internal financial documents relating to SMD's past and current revenues and operations; (ii) confidential and internal financial documents relating to SMD's anticipated future revenues and operations; and (iii) confidential and internal financial valuations of SMD over the course of several years; and

b. Due to the nature of the Sealed Documents and as described by the attached declarations, there are compelling reasons for sealing the Sealed Documents as being "Highly Confidential Information"; and

c. Due to the nature of the Sealed Documents, those documents should not be publicly disclosed at the trial of this Action and should be sealed from public disclosure.

17. Based on the foregoing, and subject to the Court's approval, Plaintiffs and Defendants stipulate to the following procedures to avoid the Sealed Documents from being publicly disclosed at the trial of this Action:

a. In the event that Plaintiffs or Defendants mark as a trial exhibit and seek the admission into evidence of any of the Sealed Documents listed in Exhibit 3 at the trial of this Action, the party that is marking the trial exhibit and/or seeking its admission into evidence shall provide the Court, the Court's personnel, the parties, the parties' parties, and any witness, a copy of the Sealed Document that is being marked as a trial exhibit, and the party that is marking the trial exhibit and/or seeking its admission into evidence shall ensure that the Sealed Document exhibit has retained its "Highly Confidential Information" designation on each page of the exhibit;

b. During the trial of this Action, the Sealed Document exhibit that is marked as a trial exhibit shall, at all times, be available for review and use by the parties, the parties' counsel, the Court, witnesses, expert witnesses, the Court's personnel, the court reporter, and the jurors; and

c. In the event that any of the Sealed Documents that were marked as a trial exhibit need to be filed or otherwise made a part of the publicly available record of this Action, the parties, the Court, and the Court's personnel shall file the Sealed Document exhibit under seal so that the the Sealed Document is not made publicly available.

18. With respect to testimony about the Sealed Documents, counsel for Plaintiffs, Defendants, and SMD recognize that during the trial, it would be unwieldly and difficult to seal a witness's testimony that includes reference to information within the Sealed Documents. Accordingly, the parties and SMD are not requesting as part of this Stipulation that the Court clear the public from the courtroom during a witness's testimony regarding information within the Sealed Documents.

19. However, if the trial of this Action results in a Judgment, and in the event of an appeal of that Judgment, Plaintiffs and Defendants shall act in conformity with the Protective Order and this Stipulation to seal and protect from public disclosure the Sealed Documents during the appellate process, and they shall also act to seal and protect from public disclosure those portions of the trial transcripts that reference information within the Sealed Documents.

20. Plaintiffs and Defendants hereby agree to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the Protective Order or this Stipulation.

21. Pursuant to the Protective Order, any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", if filed with this Court, shall continue to be filed with the Court under seal.

22. This Stipulation may be modified only by stipulation of the parties – and in consultation with counsel for SMD – or by other Order of the Court.

23. Nothing in this Stipulation amends the Protective Order previously entered by the Court.

///
///
///
///
///
///
///
///

24. Counsel for Plaintiffs, Defendants, and SMD shall make themselves available to confer with the Court should any part of this Stipulation not meet with the Court's approval or satisfy its procedures.

**IT IS SO STIPULATED.**

DATED this 6th day of August, 2019.         DATED this 6th day of August, 2019.

WOOD, SMITH, HENNING & BERMAN LLP         BRADLEY DRENDEL & JEANNEY Ltd

By: **/s/ *Joel D. Odou***                 By: **/s/ *Joseph S. Bradley***

Joel D. Odou                               Joseph S. Bradley
jodou@wshblaw.com                          P. O. Box 1987
Analise N. M. Tilton                       Reno, NV 89505
atilton@wshblaw.com                        Telephone: 775-335-9999
2881 Business Park Court, Suite 200        Facsimile: 775-335-9993
Las Vegas, NV 89128-9020
Telephone: 702 251 4100                    Attorneys for Plaintiffs
Facsimile: 702 251 5405

Theodore Parker, III
tparker@pnalaw.net
Parker, Nelson & Associates, Chtd.
2460 Professional Court, Suite 200
Las Vegas, NV 89128
Telephone: 702-868-8000
Facsimile: 702-868-8001

Attorneys for Defendants

**ORDER**

IT IS SO ORDERED.

DATED this 7th day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# DECLARATION OF KEITH JONES

I, Keith Jones, declare under penalty of perjury:

1. I am the general manager for Small Mine Development, LLC ("SMD"), and I am also a part owner of SMD. I have personal knowledge of the facts discussed below, except as to the facts stated upon information and belief, and as to those facts, I believe them to be true. If called as a witness, I would and could testify competently as to the facts stated in this declaration.

2. SMD is an underground mining contractor involved in the extraction of underground mineral deposits on behalf of mining companies.

3. I started working at SMD in 2005. In 2011, I – along with other current SMD employees at the time – purchased SMD from its then owner. Since the purchase in 2011, I have been a part owner of SMD, and I have acted as SMD's general manager since that time.

4. Prior to my initial employment at SMD, I had been working in the mining industry for 20 years, and I have therefore been working in the mining industry continuously for 34 years. The mining industry is a highly competitive industry that is affected by numerous fluctuating economic factors, including the price of gold and other precious minerals.

5. SMD obtains new underground mining projects by bidding for these projects. These bids are competitive bids where each underground mining contractor company: (i) analyzes the details and scope of the project, (ii) evaluates its own operations, personnel, and equipment and the costs of same, and (iii) then quantifies that operational and financial data into a competitive bid seeking to be awarded the project. Also, as part of this process, each company has to analyze and calculate the potential profit margin involved in the bid project in order to determine if the project is financially beneficial to the company. This is necessarily a subjective determination because although all companies want large profit margins, most companies will bid on projects that will result in low profit margins.

6. While at SMD and for several years, I have been involved in – and am now in charge of – preparing SMD's bids for mining projects, and I perform the analysis described above on behalf of SMD for each of the projects on which it bids.

7. I am familiar with all of the documents that comprise the SMD Production as the term is used in the Stipulation. The SMD Production is made up of SMD's confidential and internal financial documents relating to SMD's past and current revenues and operations as well as anticipated future revenues and operations. Examples of these confidential documents include SMD's income statements, cash flow statements, reports of SMD's value as a company, and asset data. Taken together, these confidential documents represent nearly all of SMD's financial information.

8. The portions of the SMD Production that SMD's counsel, Matthew Hippler, has described in his separately attached declaration will cause substantial harm to SMD, which is only a third party to this Action, if those SMD documents are publicly disclosed because of the highly competitive nature of the mining industry and the bidding process that is described above.

9. Specifically, if I had information about a competitor that is of the type and scope of the information in the SMD Production, it would put SMD at a competitive advantage in the bidding process because I would: (i) know the type and amount of equipment that the competitor could or could not bring to a bid project, and I would therefore know if the competitor had to rent a lot of other equipment, which would affect the competitor's profit margin on the job, (ii) know the personnel that the competitor could bring to a bid project, (iii) know the competitor's current revenue and profit margin, which is critical to how a company bids a project, and (iv) know the company's past revenue and profit margin, which is helpful to know because it allows you to anticipate how aggressive a company will be with its bid and also how low of a profit margin that the company may allow on the bid project. If I were to learn of how low a profit margin that a competitor would be willing to accept on a bid project, it necessarily would help me bid that project on SMD's behalf. All of this type of information about SMD's competitors is not publicly available to SMD, and if I had such information, it would significantly help SMD bid on projects and would provide SMD a competitive advantage over its competitors when bidding on a project.

10. SMD produced the SMD Production pursuant to, and in reliance on, a protective order to keep the documents confidential, and now because of that production, SMD's confidential information and documents could be publicly disclosed at trial. SMD does not want that to happen, and as stated above, SMD has compelling and specific reasons to keep these records sealed. As I have described above, I do not want SMD's competitors to have access to SMD's confidential and internal information and documents because that information can be used directly against SMD in the bidding of projects in SMD's competitive industry.

11. For all of these reasons, it is critically important to SMD not to have its confidential documents and information, which is part of the SMD Production, from being publicly available to SMD's competitors.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this <u>2nd</u> day of August, 2019.

*/s/ Keith A. Jones*
KEITH JONES

13369417_v2

# EXHIBIT 2

# DECLARATION OF MATTHEW B. HIPPLER

I, Matthew B. Hippler, declare under penalty of perjury:

1. I am a partner with the law firm of Holland & Hart LLP and am counsel for Small Mine Development, LLC ("SMD"). I have personal knowledge of the facts discussed below, except as to the facts stated upon information and belief, and as to those facts, I believe them to be true. If called as a witness, I would and could testify competently as to the facts stated in this declaration.

2. In conformity with and in reliance on the Protective Order entered in the Action, SMD produced the following documents to Defendants: SMD_RATHBURN0001 – SMD_RATHBURN0849 ("SMD's Production").

3. All of the documents produced in the SMD Production were marked as "Highly Confidential Information" pursuant to the Protective Order.

4. Because it is anticipated that the trial of this Action will include trial exhibits that include documents from SMD's Production, I personally met and conferred with counsel for Plaintiffs and Defendants to discuss how SMD's confidential and internal financial documents could be protected from public disclosure at the trial of this Action. Those meet and confer efforts eventually led to the Stipulation.

5. As detailed in the Declaration of Keith Jones, which is attached to the Stipulation, the public disclosure of SMD's confidential and internal financial documents relating to SMD's past and current revenues and operations as well as anticipated future revenues and operations will cause harm to SMD – a third party to this Action – if publicly disclosed because of the highly competitive nature of the mining industry and because of the bidding process that SMD is involved in to get new projects.

6. After personally reviewing SMD's Production of 849 pages of material, I identified those documents that should remain designated as "Highly Confidential Information" pursuant to the Protective Order and should not be publicly disclosed at the trial of this Action for the compelling reasons stated in the Stipulation and Mr. Jones' declaration. Those

documents from the SMD Production that should not be publicly disclosed are listed in Exhibit 3, which is attached to the Stipulation, and which are referred to as the "Sealed Documents".

7. Counsel for Plaintiffs and Defendants have reviewed and agree with my designations of the Sealed Documents in Exhibit 3. They have agreed that compelling reasons exist to keep the Sealed Documents from being publicly disclosed, and they have agreed to the procedures outlined in the Stipulation.

8. With respect to testimony about the Sealed Documents, SMD recognizes that during the trial, it would be unwieldly and difficult to seal a witness's testimony that includes reference to information within the Sealed Documents. Accordingly, the parties and SMD are not requesting as part of the Stipulation that the Court clear the public from the courtroom during a witness's testimony regarding information within the Sealed Documents. However, during any post-trial appeals, the parties have agreed to act to seal and protect from public disclosure those portions of the trial transcripts that reference information within the Sealed Documents.

9. I will make myself available to confer with the Court should any part of the Stipulation not meet with the Court's approval or satisfy its procedures.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 2nd day of August, 2019.

_____
MATTHEW B. HIPPLER

13369459_v2

# EXHIBIT 3

# EXHIBIT 3

## Documents Produced by Small Mine Development, LLC ("SMD")

| | |
|---|---|
| SMD_RATHBURN0259-SMC_RATHBURN0363 | June 8, 2016 Appraisal Report for Small Mine Development, LLC |
| SMD_RATHBURN0364-SMC_RATHBURN0432 | 2012 S Corporation Schedule K-1 for Don P. Rathburn |
| SMD_RATHBURN0433-SMC_RATHBURN0444 | 2012-2017 Don P. Rathburn W-2s |
| SMD_RATHBURN0445-SMC_RATHBURN0452 | January 1, 2017 Purchase Agreement between Small Mine Development and Don Rathburn |
| SMD_RATHBURN0453-SMC_RATHBURN0469 | Don Rathburn - Restricted Membership Units Agreement |
| SMD_RATHBURN0470-SMC_RATHBURN0543 | Don P. Rathburn employee file |
| SMD_RATHBURN0551-SMC_RATHBURN0554 | January 1, 2017 Purchase Agreement between Small Mine Development and Don Rathburn (Draft) |
| SMD_RATHBURN0555-SMC_RATHBURN0559 | January 1, 2017 Release of Claims - Don Rathburn (Draft) |
| SMD_RATHBURN0563-SMC_RATHBURN0568 | January 1, 2017 Purchase Agreement between SMD and Don Rathburn and Non-Negotiable Promissory Note between SMD and Rathburn |
| SMD_RATHBURN0571-SMC_RATHBURN0614 | SMD Amended and Restated Operating Agreement Effective December 31, 2015 |
| SMD_RATHBURN0615-SMC_RATHBURN0629 | SMD - 2015 Equity Incentive Plan (Executed) 12-31-2015 |
| SMD_RATHBURN0630-SMC_RATHBURN0630 | SMD 2017 Forecast at December 2016 |
| SMD_RATHBURN0631-SMC_RATHBURN0631 | SMD 2018 Forecast at November 2017 |
| SMD_RATHBURN0632-SMC_RATHBURN0632 | SMD 2018 Forecast at March 2018 |
| SMD_RATHBURN0633-SMC_RATHBURN0736 | July 5, 2017 Appraisal Report for Small Mine Development |
| SMD_RATHBURN0737-SMC_RATHBURN0738 | Small Mine Development Non-Consolidated Income Statements - 2018 Appraisal Report Calculations |
| SMD_RATHBURN0739-SMC_RATHBURN0849 | May 2, 2018 Appraisal Report for Small Mine Development |